[Civ. No. 10460. Third Dist. Jan. 22, 1963.]

DONALD S. BORDEN, Plaintiff and Appellant, v. JOE PISCOVICH, Defendant and Respondent.

Benjamin D. Frantz for Plaintiff and Appellant.

Hibbitt & Tarbell and R. B. Hibbitt for Defendant and Respondent.

SCHOTTKY, J.—Plaintiff Donald S. Borden, a licensed real estate broker, commenced an action to recover a $12,500 real estate sale commission claimed under a written selling authorization signed by defendant. Issue was joined and the case was tried by the court sitting without a jury. Judgment was rendered in favor of defendant, and plaintiff has appealed from said judgment.

The principal contention made by appellant is that the evidence is insufficient to support the judgment. Before discussing this contention, we shall give a brief summary of the evidence as shown by the record, bearing in mind the well-settled rule that evidence must be viewed in the light most favorable to the respondent and that conflicts in the evidence must be disregarded.

On June 4, 1959, respondent entered into a written contract with appellant authorizing appellant to sell approximately 10 acres of respondent's property located in Sacramento County for $125,000. It was agreed that the commission should be 10 per cent of the selling price.

Mr. McClintock, representing a group of physicians, submitted an offer to buy this property on July 2, 1959, for the amount asked ($125,000), with a down payment of $48,000 cash, together with two personal notes in the total amount of $30,000, payable in two installments, 7 acres of the property to be released upon payment, and the balance of $45,000 evidenced by a note to be secured by a first deed of trust on the remaining 3 acres.

Although the price was acceptable to respondent, the terms were not met. The authorization to sell terminated and respondent entered into a second contract with appellant on July 8, 1959. This contract provided for the same sales price but provided that the "terms to be arranged."

On the 16th day of July respondent's attorney wrote to appellant pointing out that the McClintock offer was unsatisfactory because the buyers would be obtaining a release of 7 acres of the property for $50,000 and two unsecured notes of $30,000. He then stated that to release the 7 acres respondent should receive $87,000; for tax purposes the cash payment should be approximately $36,250, and $50,750 should be by secured notes payable in 10 years; the remaining $37,500 could be secured by the 3 acres as suggested. He concluded by stating that the transaction probably could be worked out on acceptable terms if "your buyers have other good security" which is approved by respondent.

Three days prior to the expiration of the contract of the authorization to sell, on September 11, 1959, McClintock submitted a second offer of which $34,250 was to be paid in cash, $50,750 to be evidenced by personal notes payable in ten annual installments, and $38,000 to be secured by a first deed of trust on the north 3 acres. Appellant testified that he, that same date, took this offer to respondent; that respondent told him "The hell with it," knocked the offer from his hand, stated that he wanted $250,000, and then laughed and went into the house. Respondent denied this testimony of appellant and testified that appellant approached him about renewing the contract and swore at him for refusing, and that he answered in kind.

Appellant then left the offer at the office of respondent's attorney who was at that time away on vacation. The attorney returned on the 14th day of September and discussed the second offer with the respondent. The offer, however, was handwritten and was not very legible. Apparently, respondent's attorney requested clarification for on the 21st of September

appellant sent a typewritten copy of the offer to respondent's attorney; two days later the attorney replied that the offer to purchase was still not acceptable because the terms provided that $50,750 was to be by personal notes rather than by secured notes. No other or further offer was made for the purchase of said property from respondent.

The court found that no terms of sale of said real property were ever arranged between appellant and respondent and that neither "McClintock, or any other prospective purchaser, procured by Plaintiff, made any offer to Defendant to purchase said real property at $125,000.00 upon terms arranged between Plaintiff and Defendant, or between Defendant and any prospective purchaser procured by Plaintiff." The court found further that the offer made by McClintock "to purchase said real property contained terms and provisions of payment of the purchase price that were not agreeable or acceptable to Defendant and that Defendant thereupon, in writing, notified Plaintiff that the proposed terms of purchase were not agreeable to Defendant and that Defendant would not accept the offer of said Robert W. McClintock upon the terms of said offer." The court also found that it was not true that "McClintock was ready, able, and willing to purchase said parcel of real property at said sum of $125,000.00 upon whatever terms would be demanded by Defendant."

Appellant's attack upon the foregoing findings is without merit as there is substantial support of them in the record. Likewise without merit is appellant's contention that respondent withdrew the property from sale. This presented an issue of fact and the evidence is sufficient to support the trial court's determination.

Appellant's final contention is that under the provision "terms to be arranged" respondent was under a duty to divulge terms satisfactory to him.  ██  But where an essential element of a contract is reserved for the future agreement of both parties, there is no legal obligation until such future agreement since either party by the terms of the contract may refuse to agree to anything to which the other party will agree. Because of this it is impossible to affix any obligation to such a promise. (*Ablett* v. *Clauson*, 43 Cal.2d 280 [272 P.2d 753] ; 1 Williston, Contracts, (3d ed.) § 45, p. 149.) Here, however, the court determined from the evidence before it that terms had been proposed by respondent's attorney in his letter of September 16th that specifically set forth the requirement that a certain specified sum be by secured notes.

We think it is clear from the record that appellant sought to compel respondent to agree to terms which were not satisfactory to respondent because a considerable part of the offer included unsecured personal notes, and the trial court's conclusion that appellant was not entitled to recover must be sustained.

The judgment is affirmed.

Pierce, P. J., concurred.

A petition for a rehearing was denied February 11, 1963.